1837.

Hamilton
v.
Morris.

---

## HAMILTON vs. MORRIS and others.

In reporting upon the title, and the rights and interests of the several parties in the premises, in a partition suit, the master should require the complainant to produce abstracts of his title, as a tenant in common in the premises, and to trace it back to the common source of title of the several tenants in common ; and the master in his report should, as far as is practicable, give an abstract of the conveyances of the several undivided shares or interests of the parties in the premises from the time the several shares were united in one common source.

THIS was a partition suit, in which the bill had been taken as confessed against the unknown owners of certain undivided shares of the premises. And the master, to whom it had been referred to report upon the title, reported merely as to the interest of the complainant in the premises, without specifying the interests of the other parties in the premises as between themselves, or showing who was the original owner, or the common source of title, of the several shares or interests in the premises now held in common.

September 6.

*G. W. Kirtland*, for the complainant.

The CHANCELLOR said, that the report as to the title was imperfect, and that it must be referred back to the master to correct his report; that the master, upon a reference as to the title in a partition suit, should require the complainant to produce the abstracts and trace back his title as a tenant in common in the premises to the common source of title of the several tenants in common therein ; and that the master in his report should, as far as was practicable,

give an abstract of the conveyances of each and all of the undivided shares or interests of the several parties in the premises, from the time when all those shares were united in one individual, or a common source of title.

The master subsequently reported that the interest of the complainant was derived from a purchaser at a sale for the non-payment of taxes assessed upon the undivided share of an unknown owner of the premises; and that upon enquiry, he had been unable to ascertain who was the original owner of that undivided share of the premises, a part of which had been so purchased for taxes, or from whom he or the other tenants in common originally derived their title, or who were now the owners of the 'residue of the premises, except of the part so sold for taxes. The Chancellor, under the circumstances of the case, thereupon decided that such amended report was sufficient to authorize a decree for partition.